Rapallo, J.
There is no ground upon which the judgment against the defendant Martha Ruck can be sustained. The note in suit was not made for the benefit of her separate estate, nor in the course of any separate business carried on by her, and although it purports in terms to charge her separate estate, yet it is found by the referee that her signature thereto was obtained from her by her husband, the defendant John Ruck, by duress, to enable him to take up another note previously given by him to the plaintiff for a debt contracted by Ruck, for his own benefit. The note in suit was drawn-by the plaintiff or his agent; the signature of Mrs. Ruck thereto was obtained from her by her husband at the request of the plaintiff; the husband intimidated her into signing it, by threats of personal violence, and it was signed in the presence of the husband and of the plaintiff’s agent. Although this note states upon its face that the consideration was for the benefit of the separate estate of Mrs'. Ruck, the *465 referee finds that the fact was otherwise, and that the plaintiff so knew at the time the note was made. There can consequently be no claim of an estoppel even were the doctrine of estoppel applicable in such a case. The note, so far as Mrs. Ruck was concerned, was void at common law, by reason of her coverture, and it is not helped by any of the statutes of this State in respect to married women. These statutes render valid, at law, such contracts only of femes covert as relate to their separate estates, or are made in the course of their separate business. As to the last mentioned contracts married women, under our statutes, stand at law on the same footing as if unmarried, and can therefore make negotiable paper which will be governed by the law-merchant. But as to other obligations, they still stand on the same footing as before the enactment of these statutes. Their contracts are void at law, but if they have separate estates courts of equity will enforce them as against such estates. According to the late decisions in this State, an express charge upon the separate estate is required to be contained in the contract. The law-merchant, which gives to the bona fide transferree of negotiable paper greater rights than those of the transferrer, has no application to this class of obligations. They are not recognized at law, and we have been referred to no authority tending to sustain the position, that the transferree of an obligation of a married woman, obtained from her by fraud or duress, and against which she had a good defence, when in the hands of the original holder, can be enforced in equity out of her separate estate, simply because it has passed into the hands of a bona fide transferree. The rules applicable to negotiable commercial paper cannot govern this case. It must be governed by the rules of equity, which in case of equal equities and in the absence of sufficient grounds of estoppel, give preference to the equity which is prior in point of time.
Should the plaintiff be regarded under the circumstances of this case, not as the indorsee of the note, but as immediately contracting with the wife, then his recovery is precluded by *466 reason of the duress practiced by the husband, through whose agency the security was obtained. In no aspect of the case can the wife be held under such circumstances.
As to the husband, we think that the facts found and proven are sufficient to sustain the judgment against him. The judgment against the defendant Martha Ruck should, therefore, be reversed and a new trial ordered with costs to abide the event, and that against the defendant John Ruck should be affirmed, with costs.
All concur.
Judgment accordingly.